896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Percy Junior FENNELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Roger JONES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Leland ALLEN, Defendant-Appellant.
 Nos. 89-5187 to 89-5189.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1989.
Decided: Feb. 8, 1990.
 
 Jeffrey S. Miller; Charles H. Henry, Jr., Ellis, Hooper, Warlick, Waters and Morgan, on brief, for appellants.
 Margaret Person Currin, United States Attorney, John S. Bruce, Assistant United States Attorney; Karen Skrivseth, Department of Justice, on brief, for appellee.
 Before DONALD RUSSELL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Percy Junior Fennell, William Roger Jones, and Frank Leland Allen appeal their sentences after each pled guilty to one count of conspiracy to sell property of the United States without authorization and to defraud the United States, 18 U.S.C.A. Sec. 371 (West 1966), and to two counts of selling property of the United States without authorization, 18 U.S.C.A. Sec. 641 (West 1976) and 18 U.S.C.A. Sec. 2 (West 1969) (aiding and abetting). Because the offenses were committed after November 1, 1987, the sentences were governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. Secs. 3551, et seq. (West 1985 & Supp.1989), and the sentencing guidelines promulgated by the United States Sentencing Commission. Appellants contend that the district court erred in determining that their conduct involved organized criminal activity. See U.S.S.G. Sec. 2B1.1(b)(6). We affirm.
 
 
 2
 Appellants were employed by the Defense Reutilization and Marketing Office (DRMO) at Camp Lejeune, North Carolina. DRMO received surplus and scrap military property. Its inventory included M151 military jeeps that the National Highway Safety Administration had identified as hazardous to the safety of public highway users. These jeeps were offered for sale either to other Department of Defense organizations or to friendly foreign nations. If the jeeps were not sold, they were demolished and sold as scrap to civilian buyers. Any other sale to civilians was prohibited. Appellants pled guilty to offenses resulting from the unauthorized sale of some of these jeeps.
 
 
 3
 At sentencing, the district court held that appellants had engaged in organized criminal activity which set their base offense level at 14, U.S.S.G. Sec. 2B1.1(b)(6), which the court then reduced by two levels for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1. Appellants contend that although their offenses involved more than minimal planning, the government failed to show that they were engaged in organized criminal activity. The guidelines in effect at the time appellants were sentenced provided that organized criminal activity "refers to operations such as car theft rings or 'chop shops,' where the scope of the activity is clearly significant." U.S.S.G. Sec. 2B1.1, comment. (n. 8). Appellants argue that their activity was not clearly significant because they were selling property that the government had junked. They maintain that selling the jeeps did not rise to the same level as systematically stealing automobiles off the streets and dismantling and reassembling them for sale at a "chop shop."
 
 
 4
 The district court found that appellants had eradicated identifying marks on the jeeps, that the conspiracy lasted for two or three years, that appellants had sold a variety of items to a number of buyers in four states, and that appellants had attempted to hide the property being sold. The record amply supports these findings, and we conclude that the district court did not commit reversible error by determining that appellants engaged in organized criminal activity.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 6
 AFFIRMED.